**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:98CR147-DJS |
| | ) | |
| **BRYAN MAYO,** | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

On May 28, 2008, this Court granted defendant Bryan Mayo's pro se motion for a sentence reduction under 18 U.S.C. §3582(c)(2) in view of the retroactive amendments to the Sentencing Guidelines applicable to crack cocaine offenses. Mayo's sentence of imprisonment was reduced from 188 months to 151 months. The matter is again before the Court on the filing by counsel of a second such motion on Mayo's behalf, seeking a hearing and a further reduction of sentence to the statutory mandatory minimum sentence, arguing that the Court should apply the Guidelines as advisory under the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005). Upon careful consideration of the entire record in this matter and applicable law, the Court makes the following determinations.

The resentencing authorized by the retroactive amendment and §3582(c)(2) involves consideration only of the retroactive

amendment and not a reconsideration of other matters.  See <u>United States v. Jones</u>, No. 08-1692, slip op. at 2 (8th Cir. April 25, 2008), *citing* <u>United States v. Hasan</u>, 245 F.3d 682, 685-85 (8th Cir. 2001); USSG §1B1.10(b)(1) (Suppl. Mar. 3, 2008).  Defendant has no right to be present for a hearing or for live allocution at such a resentencing, and defendant's request for a resentencing hearing is therefore denied.  See Fed.R.Crim.P. 43(b)(4); <u>United States v. Franks</u>, 31 Fed.Appx. 833 (5th Cir. 2002).

The Chief Judge of this Court has previously ruled that upon such a resentencing, the Court is not to apply the Guidelines as advisory but that "[b]ased on the language of the statute and the policy statement,...the maximum relief available to the defendant is the two-level offense level reduction authorized by the amendment to §2D1.1" of the Guidelines.  <u>United States v. Andre Rush</u>, No. 4:01CR441-CEJ, Order of March 26, 2008 [Doc. #860], p.3.  This Court agrees.  Furthermore, the already-reduced sentence of 151 months represents the Court's discretionary determination of a reasonable and appropriate sentence, based on an individualized assessment of the facts presented and the factors enumerated in 18 U.S.C. 3553(a), regardless whether the Sentencing Guidelines are mandatory or merely advisory.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's second motion for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) [Doc. #131] is denied.

Dated this ___26th___ day of August, 2008.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE